# CIRCUIT COURT OF THE CITY OF RICHMOND

Rose R. Odaris
and Thomas Odaris,
jointly,
and Rose R. Odaris,
individually

v.

Morton G. Thalhimer, Inc.,
d/b/a Insignia Thalhimer,
d/b/a Riverpoint Apartments

February 2, 2007

Case No. LS-2258-4

BY JUDGE MELVIN R. HUGHES, JR.

In this case, three plaintiffs in cases consolidated for trial before a jury have brought suit against their landlord/managing agent for personal injury and property damage due to exposure to mold in the demised premises. The case was submitted to the jury on separate instructions as to the managing agent and the landlord, without objection. The pleadings identify one defendant, the landlord, under three "doing business as" names. The jury returned verdicts in the total amount of $780,000. The total amount includes $20,000 in a separate verdict for property loss.

After the jury verdict, the defendant moved to set aside the verdicts and enter judgment in its favor on the ground of lack of evidence to support and excessiveness. The court agrees and will set aside the verdict for the following reasons.

As noted, the case is about mold. Plaintiffs contend the defendant allowed mold to proliferate in their apartment in Norfolk, Virginia. They also contend that the defendant failed to clear it after notification. From the time the mold was detected, the defendant notified, corrective action taken, and plaintiffs' departure from the rented space, about three months elapsed, from early October to the end of December 2002. Plaintiffs testified that, between them, they experienced, in varying degrees, *inter. alia,* symptoms such as coughing, runny nose, headache, and body ache forward to 2005. Rose Odaris testified that she also experienced coughing blood.

Plaintiffs sought medical care in Norfolk before they departed to live in Florida by the end of December 2002. After arriving in Florida, they received medical attention there. Later, in March 2005, they obtained medical care from a doctor in Maryland, whom they called to testify about treatment and causation at the trial. Following the voir dire of this witness, on defendant's motion, the court excluded his testimony. The court agreed that his testimony of a diagnosis of a "chronic biotoxin associated illness" due to mold and treatment with a cholesterol drug is not commonly accepted or recognized in the medical community as a distinct clinical entity and treatment.

The court is aware that a jury verdict is to be accorded the utmost deference and should not be set aside unless plainly wrong or without evidence to support it. The court is also aware that the court has approved lay witness testimony to prove proximate cause. Direct medical testimony is not a prerequisite for recovery. However, the cases that have approved this approach are those where lay witness testimony and the jury's assessment of causation evidence are matters of common understanding and experience, typically involving testimony concerning physical disability arising from traumatic personal injury cases involving automobile vehicular accidents. See *Todt v Shaw,* 223 Va. 123, 86 S.E.2d 211 (1982). Here, we have the science of molds, types of mold, level of exposure, the biochemical effects of mold both in their origin and growth, effect on humans, etc. The interplay of these conditions and circumstances, in the court's opinion, takes expert testimony for an informed decision because the phenomena falls outside the realm of a lay person's common experience.

The court has this view notwithstanding that plaintiff called a toxicologist who testified about the background on mold, mold growth, and mold release of chemical toxins. This witness did not and could not link, correlate, or connect mold in this case to any medical condition and treatment due to mold exposure. The jury should have evidence of how mold produces such conditions through appropriate medical expert testimony as any such relationship cannot be determined by lay persons. Any linkage is beyond the

purview of laymen to estimate. In the case at bar, the proffered medical expert did not qualify and any such testimony being lacking, the plaintiffs failed to provide the necessary evidentiary predicate of causation for the jury to consider.

For these reasons, the court will grant defendant's motions and enter judgment for the defendant. An order carrying out this ruling is enclosed which notes plaintiff's exceptions. The order continues the case generally in the event plaintiffs wish to proceed on the attorney's fee request consistent with the reasons discussed previously of record.

The jury awarded plaintiff Rose Odaris and Thomas Odaris $20,000 for a property damage claim. This ruling does not affect that verdict.